WESTCHESTER COUNTY. — HON. OWEN T. COFFIN, SURROGATE.—November, 1885.

## SMITH *v.* BAYLIS.

*In the matter of the estate of* ANNE SMITH, *deceased.*

*It seems,* that a Surrogate's court has no power to try and determine the question—whether there has been a breach of a contract, made by one not a party to the proceedings, to assign a judgment against one of the distributees of an intestate's estate, subject to its jurisdiction—where a contest arises as to the proper method of disposing of such distributee's share.

Upon a judicial settlement of the account of the administrator of decedent's estate, a decree was rendered in July, 1884, whereby the distributive share therein of J., a son of the intestate, against whom proceedings supplementary to execution were then pending before the county judge of Queens county, was fixed at $212, which the administrator was directed to retain, subject to the order of a judge or court having jurisdiction in the premises. The supplementary proceedings resulted in an order of the county judge directing the administrator to pay the share in question to the sheriff of that county. Thereafter, J. applied to the Surrogate's court to open the decree so rendered, and amend the same by directing said share to be paid to himself, producing evidence that the judgment against him had since been satisfied of record.—

*Held,* that, the only obstacle to the payment, to J., of his distributive share being the judgment referred to, and the evidence of the satisfaction of that judgment being conclusive upon the Surrogate's court, petitioner's application must be granted.

THEODORE F. BAYLIS and Jacob B. Smith, as administrators of the estate of decedent, in April, 1884, instituted a special proceeding, for the judicial settlement of their account, as such. During the progress of the accounting, it appeared that one Nathaniel W. Husted, nearly twenty years ago, obtained a judgment against John B. Smith, one of the next of kin

of decedent, for about $50. The judgment was recently docketed in Queens county, where he resided, and execution issued thereon. In June, 1884, supplementary proceedings were commenced, which resulted in an order, made by the county judge of that county, directing the administrator, Theodore F. Baylis (who held the funds), to pay the share of said John B. Smith to the sheriff of that county, to be applied by him as therein directed.

The proceedings on that accounting resulted in a decree directing the distribution of the assets among the next of kin, except the share of said John B. Smith, amounting to about $212, which the administrator, Baylis, was directed to hold, subject to the order of a judge or court having jurisdiction in the premises. Subsequently, N. W. Husted the plaintiff in the judgment, died intestate, and it now appeared, in this proceeding, that the judgment had been satisfied of record. John B. Smith then presented an application, alleging the fact, in substance, that no claim existed against his share, and that the administrator, Baylis, still had the fund in his hands, and asked that the decree of 1884 be so modified as to direct said administrator to pay the same to him.

L. C. PLATT, *for petitioner.*

WM. F. PURDY, *for administrator.*

THE SURROGATE.—Proof was offered by the administrator, Baylis, tending to show that N. W. Husted, for a valuable consideration, had, in writing, sold said judgment and agreed to execute a satisfaction piece

thereof, or to assign the same as he might be requested, and that, after his death, his administrator had been requested to assign it to one Laurie. No such writing was produced, and the petitioner objected to parol evidence of its contents. Of course, the evidence was incompetent, if the writing were in existence, and capable of production. The attorney for the administrator alleged that he had it at his office. Hence the objection was a good one, and there is no competent evidence before me on the subject.

The petitioner produced evidence of the satisfaction of the judgment. This is deemed conclusive here. Even if proper evidence of the agreement to assign it had been produced, this court would have no power to try and determine the question, whether there had been a breach of the contract to assign it. The administrator of N. W. Husted is not a party to this proceeding, and no decision in reference to such contract could be made by this court which would bind him.

It is not apparent that the administrators of the estate of Anne Smith, deceased, have, or that either of them has, any interest in the matter, other than to pay the fund to the person legally entitled to receive it. It is not denied that Mr. Baylis still holds it. As the evidence stands, which shows that the judgment, which was the only obstacle in the way of directing payment of the share of John B. Smith to him, by the former decree, has been satisfied, that decree must be modified so as to direct the payment to be so made.